**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Wesley Henry BARRY, Jr., M.D.,
Defendant–Appellant.**

**No. 89–7727
Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

June 22, 1990.

**30**

Vanzetta Penn McPherson, Montgomery, Ala., for defendant-appellant.

James Eldon Wilson, U.S. Atty., Patricia Allen Conover, Asst. U.S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before TJOFLAT, Chief Judge, and JOHNSON and CLARK, Circuit Judges.

PER CURIAM:

Defendant Wesley Barry, Jr., M.D. appeals the district court's grant of summary judgment in favor of the United States. Dr. Barry argues that the district court erred in holding that he is obligated to repay the full amount of scholarship assistance provided to him pursuant to the Public Health and National Health Service Corps Scholarship Training Program. We affirm.

The relevant facts necessary for a determination of this cause are not in dispute. Defendant, Wesley Henry Barry, Jr., M.D., applied for and received four years of scholarship assistance through the Public Health and National Health Service Corps Scholarship Training Program [hereinafter Program]. Emergency Health Personnel Act Amendments of 1972, Pub.L. No. 92–585, 86 Stat. 1290.[1] Pursuant to the Program, Defendant was obligated to serve one year on active duty in the Public Health Service [PHS] or as a civilian member of the National Health Service Corps [NHSC] for each year of scholarship assistance. Therefore, Dr. Barry was obligated to serve four years in one of the above-mentioned qualified programs.

Upon his graduation from medical school, Dr. Barry began fulfilling his obligation while also completing his post-graduate surgical residency by serving in a PHS hospital in New Orleans, Louisiana.[2] In October, 1981, after completing three years of his service obligation, the New Orleans PHS was closed due to Congress' withdrawal of federal funding. Dr. Barry was unable to find another facility that would both allow him to complete his two remaining years of surgical training and qualify as an appropriate facility for completing his remaining one-year obligation under the Program. Subsequently, Dr. Barry sought and received a deferral until June 30, 1983, of the remaining one year of his service obligation.

In June, 1983, Dr. Barry was notified that he had been assigned to the Indian

---

1. The statute contained in 42 U.S.C. § 234, and the implementing regulations contained in 42 C.F.R. §§ 62.1—62.9, as in effect September 30, 1977, govern the present action.

2. 42 U.S.C. § 234(e) allowed Program participants to receive credit toward their repayment obligation while completing medical training in a PHS facility.

Health Service [IHS] to complete the remaining year of his service obligation.[3] Dr. Barry did not serve with the IHS, and, therefore, his remaining year of service obligation is yet unsatisfied.

In response to the government's motion for summary judgment, Dr. Barry argued that he should not be held liable for his failure to complete his service obligation because the government "materially interfered with [his] completion of his service obligation." R1–8. He argued that he should therefore be "deemed free of any obligation since the [government] interrupted his service, or, in the alternative, [he] should be liable for no more than a sum equal to one year of scholarship support." *Id.* The district court held that Dr. Barry had no right to complete his service obligation at the New Orleans PHS Hospital, *United States v. Barry*, 719 F.Supp. 1047, 1049 (M.D.Ala.1989), and that 42 U.S.C. § 234(f)(1) did not provide for proration of the amount owed based on years actually served when Program recipients only partially complete their service obligations, *Id.* at 1050.

■■■ Dr. Barry appeals only the district court's holding with regard to proration. He argues that the district court erred in failing to consider the effect that 42 U.S.C. § 234(f)(3) has on the apparently absolute liability imposed under 42 U.S.C. § 234(f)(1). Section 234(f)(3) directed the Secretary of the Department of Health and Human Services to "provide for the waiver or suspension of any obligation under [§ 234(f)(1) ] ... applicable to any individual whenever compliance by such individual is impossible or would involve extreme hardship to such individual and if enforcement of such obligation with respect to any individual would be against equity and good conscience." He contends that section 234(f)(3) thus entitles him to have his debt to the government prorated based on the portion of his service obligation that he actually completed.

The government argues that Dr. Barry did not make this argument to the district court, and that this court should therefore decline to hear it. Additionally, the regulations applicable to Dr. Barry's obligations provide a means by which Dr. Barry may submit a written request for a waiver of his obligations. 42 C.F.R. § 62.9 (as adopted May 22, 1974). The government represents that the Secretary must consider a waiver request even after a judgment has been entered against the Program participant.

Dr. Barry has not filed a written request for a waiver pursuant to the regulations. The statute provided that individuals who fail to complete their active service obligation "shall be liable for the payment of an amount equal to the cost of tuition and other education expenses, and scholarship payments, paid under this section, plus interest at the maximum legal prevailing rate." 42 U.S.C. § 234(f)(1). The district court correctly decided that this statute as written did not provide for proration. *Barry*, 719 F.Supp. at 1050.

Nevertheless, Dr. Barry's entitlement to a waiver of his obligations is to be decided pursuant to 42 U.S.C. § 234(f)(3). The Secretary has provided a means by which Dr. Barry may apply to the agency for a waiver. Therefore, even if Dr. Barry had presented this argument to the district court, the court could not have decided whether Dr. Barry is entitled to proration, because Dr. Barry has not exhausted the appropriate administrative remedies.

The judgment of the district court is therefore AFFIRMED.

---

**3.** Dr. Barry contends he was not given an opportunity to choose where he would complete the year remaining under his service obligation, while the Government contends that Dr. Barry was given an opportunity to choose between several alternatives in a letter dated January 1, 1983. Whether or not Dr. Barry was, in fact, given a choice is irrelevant for purposes of this court's determination of this appeal.